UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYRIAN ECHAVARRIA,

                                    Plaintiff,

              -against-

ABM INDUSTRY GROUP LLC; SAM
HAXHAS,

                                    Defendants.

20-CV-9247 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. §§ 621-634; and 42 U.S.C. § 1981. The Court also construes the complaint

as asserting claims under the New York State and City Human Rights Laws, N.Y. Exec. Law

§§ 290 to 297; N.Y.C. Admin. Code §§ 8-101 to 131. Plaintiff alleges that her employer, ABM

Industry Group LLC ("ABM"), discriminated against her based on her race, national origin,

religion, sex, and age. She sues ABM and her former supervisor Sam Haxhas.

    By order dated November 10, 2020, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff, a 74-year-old Catholic woman of Colombian nationality, began working as a cleaning person for ABM in December 2013. She was assigned to the Morgan Stanley Office

Building in Manhattan, and Defendant Haxhas, who is of Albanian nationality, was her supervisor.

In early spring 2018, Haxhas gave Plaintiff a disciplinary warning arising from an incident in which another worker, Maria Chauca, who is of Ecuadorian nationality, alleged that Plaintiff had bullied her. In September 2018, Plaintiff was working on a floor with another worker named Fabiola, who is of Colombian nationality. Plaintiff accidentally broke a glass vase that belonged to Fabiola. When Plaintiff apologized, Fabiola called her "a stupid and bitter old woman." (ECF No. 2, at 8.)

On October 5, 2018, the Friday before the Columbus Day holiday, Haxhas informed the employees that, unlike in previous years, they would be required to work on the upcoming Columbus Day holiday. Plaintiff told Haxhas that she had a doctor's appointment that day, and Haxhas requested that she bring a doctor's note. Plaintiff responded, "Oh my god, I promise [I] am going to bring you the letter." (*Id.*) Haxhas "yell[ed] at [Plaintiff] furiously" and told her not to "name god," which Plaintiff interpreted as showing animus toward her based on her religion. (*Id.*) The same day, Fabiola told Chauca that Plaintiff is an "old ignorant woman" who is not "up to par" with Fabiola and Chauca. (*Id.* at 9.)

Another worker, Vilma, told Plaintiff that Haxhas's secretary Rosario Perez told Vilma that Perez is "going to punch" Plaintiff if she sees her. (*Id.*) Perez is from the Dominican Republic.

On October 9, 2018, the day after the holiday, Plaintiff came to work but forgot her doctor's note at home. She brought Haxhas the letter on October 10, and on October 11, Plaintiff was suspended. Haxhas told Plaintiff that she was suspended for "bullying" Fabiola, Perez, and Chauca and for "speaking ill of them." (*Id.*)

After three days of suspension, Plaintiff filed a complaint with the union. During November 2018, Plaintiff returned to the union office four times, but the representative that was working with her "didn't want to talk" to her anymore. (*Id.* at 10.) Plaintiff was reassigned to another representative who told Plaintiff that she did not need a lawyer. Plaintiff later met with Haxhas and the union representatives who again told her that she did not need a lawyer "and then they closed [her] case with the union." (*Id.*)

Plaintiff filed a complaint with the New York State Department of Human Rights ("DHR"), and in September 2020, she received a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff attaches the EEOC letter, which is dated September 8, 2020.

DHR's "Determination and Order After Investigation," which Plaintiff attaches to the complaint, states that Plaintiff alleged that the three workers – Chauca, Fabiola, and Perez – "teamed up" with Haxhas and "plotted against her." (*Id.* at 13.) Those employees are Haxhas's "favorites," and they complained to Haxhas about Plaintiff in order to get her fired. (*Id.* at 15.)

DHR's determination also says that Plaintiff alleged that Haxhas wanted to "fire her so that she would retire," and then "give her position to someone younger, especially someone Albanian." (*Id.* at 14.) Plaintiff alleged to DHR that the employee who took over her position was hired in 2017, and is white and in her 20s. Plaintiff "believes that this employee is related to [Haxhas], but she is not sure." (*Id.* at 15.)

Plaintiff seeks money damages and an injunction directing ABM to rehire her and to reasonably accommodate her religion.

**DISCUSSION**

A.     **Pleading requirements**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer …

to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

Section 1981 prohibits discrimination in the making and enforcing of contracts, including

employment contracts, "on account of [a person' s] race, ancestry, or ethnic characteristics."

*Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987). The ADEA makes it unlawful for

an employer to "discharge any individual or otherwise discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's age." 29 U.S.C. § 623(a).

These antidiscrimination provisions prohibit employers from mistreating an individual

because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir.

2007), or retaliating against an employee who has opposed any practice made unlawful by those

statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is

protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at

work that occurs for a reason other than an employee's protected characteristic or opposition to

unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka*

*v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d

246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly

allege that (1) the employer took adverse employment action against him, and (2) his race, color,

religion, sex, or national origin was a motivating factor in the employment decision." *Vega v.*

*Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

**B.       Plaintiff's discrimination claims**

Plaintiff's allegations of discrimination are insufficient to state a claim under Title VII, § 1981, or the ADEA. Plaintiff alleges that three of her co-workers conspired with her supervisor to get her fired for "bullying" them. Even assuming that Plaintiff's allegations of a conspiracy are true, she fails to allege facts suggesting that any decision to target her or to terminate her employment was motivated by her race, nationality, religion, age, or sex.

In her DHR proceeding, Plaintiff asserted that Haxhas "prefers hiring people of his race, especially from his family." (ECF No. 2, at 14.) Plaintiff told DHR that she was replaced by a younger white woman who she believes may be related to Haxhas. But the employee who replaced her was hired in 2017, the year *before* Plaintiff was fired. She alleges no other specific facts supporting her assertions that Haxhas prefers to hire white employees or that she was fired because of her race, nationality, or sex. Moreover, the three co-workers she accuses of conspiring against her are also Hispanic females, and one of them, Fabiola, is also of Colombian nationality and still works for Defendant. (*Id.* at 15.)

Plaintiff's speculation that she was fired so that she could be replaced by a white employee is insufficient to state a claim under Title II or § 1981. *See Iqbal*, 556 U.S. at 678 ("The [Rule 8] plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted).

Plaintiff's allegations of religious discrimination are also insufficient to state a claim. Her sole allegation is that in response to Plaintiff saying, "Oh my God," Haxhas "yell[ed]" at her "furiously" and told her not to "name god." (ECF No. 2, at 8.) While Haxhas's comments may have been offensive to Plaintiff, they do not suggest that he took an adverse action against Plaintiff because of her religion.

Unlike Title VII, the ADEA requires that a plaintiff allege that age was the "but for" cause of the employer's adverse action. *Vega*, 801 F.3d at 86; *see Ninying v. New York City Fire Dep't*, 807 F. App'x 112, 114 (2d Cir. 2020) (summary order). Plaintiff's only allegation related to her age is that her co-worker Fabiola called her "old." She alleges no facts suggesting that her employer took adverse action against her because of her age. Plaintiff has therefore failed to state an ADEA claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Title VII, ADEA, or § 1981 claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. In

her amended complaint, Plaintiff should allege any additional facts suggesting that her race, nationality, religion, sex, and age were motivating factors in her employer's decision to fire her, including any facts supporting her conclusory assertion that Haxhas prefers to hire white employees. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

    a)  give the names and titles of all relevant persons;

    b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d)  give the location where each relevant event occurred;

    e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief.

**Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se

Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9247 (LLS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    December 18, 2020
          New York, New York

                                                    _Louis L. Stanton_
                                                    LOUIS L. STANTON
                                                    U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

    -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant.  Addresses should not be included here.)*

Jury Trial:  □ Yes  □ No
*(check one)*

\_\_\_ **Civ. _____ ( \_\_\_ )**

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____     New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____     New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

## I.     Parties in this complaint:

A.     List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff         Name  _____

                  Street Address  _____

                  County, City  _____

                  State & Zip Code  _____

                  Telephone Number  _____

B.     List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant         Name  _____

                  Street Address  _____

                  County, City  _____

                  State & Zip Code  _____

                  Telephone Number  _____

C.     The address at which I sought employment or was employed by the defendant(s) is:

                  Employer _____

                  Street Address  _____

                  County, City  _____

                  State & Zip Code  _____

                  Telephone Number  _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

          _____          Failure to hire me.

          _____          Termination of my employment.

          _____          Failure to promote me.

          _____          Failure to accommodate my disability.

          _____          Unequal terms and conditions of my employment.

          _____          Retaliation.

*Rev. 07/2007*                                     2

_____        Other acts *(specify)*: _____.

> ***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.

<i>Date(s)</i>

C.    I believe that defendant(s) *(check one)*:

_____        is still committing these acts against me.

_____        is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐        race      _____          ☐        color     _____

☐        gender/sex      _____          ☐        religion_____

☐        national origin      _____

☐        age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐        disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> ***Note:*** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____   has not issued a Notice of Right to Sue letter.

_____   issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

**Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____   60 days or more have elapsed.

_____   less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*


**I declare under penalty of perjury that the foregoing is true and correct.**


Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Address    _____

_____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____