UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYRIAN ECHAVARRIA,

                Plaintiff,

-against-

ABM INDUSTRY GROUP LLC; SAM HAXHAS, SUPERVISOR FOR ABM INDUSTRY GROUP LLC,

                Defendants.

20-CV-9247 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights. By order dated December 18, 2020, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on February 3, 2021, and the Court has reviewed it. For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, a Latina woman of Colombian nationality and Catholic religion who was born in 1956, alleges that her employer discriminated against her based on her race, nationality, age, and religion. She sues ABM Industry Group LLC ("ABM") and her former supervisor Sam Haxhas. Plaintiff asserts her claims using the Court's Amended Complaint for Employment Discrimination form, and in the "facts" section of the form, she writes,

> Plaintiff began working for [ABM] on December 2013. In 2018 numerous incidents arose where Plaintiff was insulted by a co-worker, was falsely accused by another, and screamed at for her religion. Then Plaintiff was dismissed for an incident that would normally not cause dismissal. Plaintiff had been receiving pressure to retire, as the supervisor was replacing all older employees with

persons of his same ethnic group. The supervisor took these false claims and knowingly used them to terminate the Plaintiff.

(ECF No. 5, at 3.)

Plaintiff also attaches to the amended complaint a letter to the Court that includes the following additional allegations.[1] On Monday, October 8, 2018, which was Columbus Day, Plaintiff had a medical appointment and was absent from work. She "presented [her]self at work" on October 9, 2018, and October 10, 2018. (*Id.* at 14.) On October 11, 2018, Plaintiff was given a notice of suspension in which three co-workers – Fabiola Tangarife, Rosario Perez, and Maria Chabuca – accused her of "bullying" them. Plaintiff denies their accusations. She writes, "I can only presume that Sam has asked them to make accusations against me to get me out of the job since there are other women of Sam's race that want my position and possibly from his own family that work in the same building." (*Id.*) Plaintiff reasons that because she never stole anything or been absent or late to work, "there [was] no reason to suspend" her, and therefore her co-workers and supervisor "have created this false accusation to get rid of [her]." (*Id.*) Plaintiff further alleges that "[t]he Hispanics fear [Haxhas] for fear of their job and therefore lie for him to keep their job." (*Id.* at 15.)

---

[1] Other documents that Plaintiff attaches to the amended complaint include a copy of the New York State Division of Human Rights' "Determination and Order After Investigation" finding insufficient evidence to establish an inference of discrimination, *id.* at 5-8; two blurry and largely illegible copies of New York State Executive Orders, *id.* at 9-13; grievances she filed with the union, *id.* at 20-21; several blurry photos, *id.* at 23-25; an October 24, 2018 letter from ABM informing Plaintiff that it was terminating her employment because she has "continuous[ly] harassed and bullied [her] coworkers, including [her] insubordinate behavior towards [her] supervisor," *id.* at 22; and the "Employee Corrective Action Notice," informing Plaintiff of her suspension, *id.* at 26-27.

3

Plaintiff also attaches a statement from a co-worker, Vilma Lizalda, attesting that another co-worker called Plaintiff a "sour old hag." (*Id.* at 17.) Finally, Plaintiff alleges that when she would say "God bless you," Haxhas "would sneer" and tell her not to mention God. (*Id.* at 15.)

Plaintiff seeks money damages, lost earnings, and an injunction directing her employer to rehire her and to reasonably accommodate her religion.

## DISCUSSION

### A.  Claims under Title VII and the ADEA

The amended complaint fails to remedy the deficiencies with the original complaint identified in the Court's December 18, 2020 order to amend. Plaintiff's claims of discrimination arise under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Similarly, the ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to

4

unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

In its December 18, 2020 order, the Court determined that the original complaint failed to allege facts suggesting that any "conspiracy" or decision to target Plaintiff or terminate her employment was motivated by her race, nationality, religion, age, or sex. The amended complaint fails to cure these deficiencies.

Plaintiff again fails to allege any specific facts suggesting that she was discriminated against based on her race or nationality. She rather relies on conclusory allegations and pure speculation. For example, she "can only presume" that Haxhas asked her co-workers to make allegations against her because "there are other women of Sam's race that want [Plaintiff's] position" and because members of Haxhas's family "work in the same building." (ECF No. 5, at 14.) And she fails to allege any specific facts in support of her assertion that the three co-workers she accuses of conspiring against her – who all happen to also be of Hispanic descent – helped to get her fired because they fear Haxhas and "therefore lie for him to keep their job." (*Id.* at 15.) These speculative allegations of discrimination based on race and nationality are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("The [Rule 8] plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted).

Plaintiff also fails to allege sufficient facts to state a claim that Defendants discriminated against her because she is Catholic. Her sole allegation of religious discrimination is that when she said "God bless you," Haxhas "would sneer" and tell her not to mention God. In evaluating the probative value of a "stay remark" in a Title VII claim, courts in this Circuit consider (1) who made the remark; (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark, *i.e.*, whether a reasonable juror could view the remark as discriminatory; and (4) the context in which the remark was made, *i.e.*, whether it was related to the decision-making process. *See Lenzi v. Systemax, Inc.*, 944 F.3d 97, 112 (2d Cir. 2019). While Haxhas was Plaintiff's supervisor, Plaintiff's allegations do not suggest that Haxhas's remark was made close in time to her termination or that it was related to the decision-making process.

The amended complaint also fails to state a claim under the ADEA. Plaintiff's only allegations suggesting that her age had anything to do with her termination are her statements that she "had been receiving pressure to retire" and that Haxhas had been replacing older employees with people of his own ethnicity, along with an allegation that a co-worker called Plaintiff "a sour old hag." (ECF No. 5, at 17.) But Plaintiff's vague allegations and a single comment from a non-supervisory co-worker are insufficient to meet the ADEA's requirement that age was the "but for" cause of the employer's adverse action. *See Vega*, 801 F.3d at 86; *Ninying v. New York City Fire Dep't*, 807 F. App'x 112, 114 (2d Cir. 2020) (summary order). The amended complaint therefore fails to state a claim under the ADEA.

B.  **Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

C.  **Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   February 26, 2021
           New York, New York

                                                    *Louis L. Stanton*
                                                  LOUIS L. STANTON
                                                      U.S.D.J.